Dear Mr. Hessick:
This office is in receipt of your request for an opinion of the Attorney General in regard to having a prayer service at the mandatory meetings of department heads and other hospital staff of public hospitals. You indicate an administrator of one of the public hospitals wishes to have a brief prayer service conducted at the beginning of the meetings consisting of a short inspirational message delivered by one of the hospital's pastors, followed by a prayer, which are intended to be non-denominational in nature. You ask the following:
 1. Would the proposed practice violate any statutory or constitutional provisions?
 2. Would the proposed practice be permissible if those employees who chose not to participate were given the opportunity to leave the room for the duration of the prayer service?
 3. If the proposed practice is illegal, would the giving of an inspiration message, without reference to religion or any deity, be permissible?
 4. If the proposed practice is illegal, can a similar prayer service be conducted for benefit of the staff on a purely voluntary basis in a designated area of the hospital, such as the chapel?
We have reviewed jurisprudence for state decisions throughout the United States and United States Supreme Court decisions on the issue presented in your request. In conducting our research, we found a Louisiana Attorney General Opinion, No. 80-559, relative to your question.
In the latter opinion this office was requested by a Louisiana State Senator to determine whether a bill he proposed for silent meditation and voluntary prayer in the classrooms of public schools posed any constitutional problems. It was observed that the court in Seegers v. Parker, 241 So.2d 213 (La. 1970) had found Art. 1, Sec. 7 of the Louisiana Constitution and the First Amendment to the Constitution of the United States, referred to as the "establishment clause", of great similarity, and thereby allowed the use of the United States Supreme Court interpretations of the federal clause as an aid in interpreting our own.
This office looked to the United States Supreme Court "landmark case" of Engel v. Vitale, 82 S.Ct. 1261 (1962) concerning prayer in public schools. The Supreme Court of the United States held that a New York program of daily classroom invocation of God's blessing was a "religious activity" and use of recitation of such prayer was inconsistent with the establishment of religion clause of the constitution, "notwithstanding the fact that pupils were not required to participate."
Reference was also made to another landmark decision,School District of Abington Township, Pennsylvania v. Schempp,83 S.Ct. 1566 (1963) wherein the Court noted in considering the establishment clause that it had "consistently held that the clause withdrew all legislative power respecting religious belief or the expression thereof." It was concluded the test to withstand the strictures of the Establishment Clause is that "there must be a secular legislative purpose and a primary effect that neither advances nor inhibits religion."
Based upon these decisions this office concluded that portion of the proposed Bill providing for a moment of silent meditation in the classrooms of public school did not advance or inhibit the exercise of religion in that it merely provides for students to observe a brief time of silent meditation at the start of each school day, and found that the courts have recognized that meditation is not prayer and is not necessarily identified as a religious activity. Therefore, this office was of the opinion that said portion of the bill would withstand constitutional attack.
However, the Section of the Bill authorizing volunteers to offer a prayer with the proviso that participation would not be required and the student could absent himself from the school prayer was not a defense to the unconstitutionality as held in the Schempp case, supra.
Since the latter opinion by this office, we find decisions of the United States Supreme Court that are relevant. In Lee v.Weisman, 505 U.S. 577, 112 S.Ct 2649 (1992) the issue was whether including clerical members to offer prayers as part of the official school graduation ceremony was consistent with the First Amendment. The court recognized that jurisprudence in this area is of necessity "one of line-drawing" for determining at what point a dissenter's rights of religious freedom are infringed by the State. Notwithstanding that a student did not have to attend or could remain silent, the court found that placed them in an untenable position, and "that being done here, it is forbidden by the Establishment Clause of the First Amendment."
In Wallace v. Jaffree, 472 U.S. 38, 105 S.Ct 2479 (1985) the Court had for consideration an Alabama Statute authorizing a daily period of silence in all public schools for meditation or voluntary prayer at the beginning of each school day. The court found three tests gleaned from cases in this area:
 First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion * * *; finally, the statute must not foster "an excessive government entanglement with religion".
It was found no consideration of the second or third criteria was necessary if a statute does not have a clearly secular purpose. Finding that the enactment was not motivated by any secular purpose but was enacted for the sole purpose of expressing the State's endorsement of prayer activities for one minute at the beginning of each schoolday, it was concluded it violated the First Amendment.
We recognize that the United States Supreme Court in Marshv. Chambers, 463 U.S. 783, 103 S.Ct 3330 (1983) upheld the Nebraska legislature's practice of opening each session with a prayer by a chaplin, but feel the decision was made on the limited situation as recognized by the Court as follows:
 In light of the unambiguous and unbroken history of more than 200 years, there can be no doubt that the practice of opening legislative sessions with prayer has become part of the fabric of our society.
Members of the United States Supreme Court have since stated in various opinions that the holding was limited to the historical acceptance of the practice. Rosenberg v. Rector,515 U.S. 819, 115 S.Ct 2510 (1995), School District v. Ball,473 U.S. 373, 105 S.Ct 3216 (1985), Wallace v. Jaffree, supra, Lynch v.Donnelly, 465 U.S. 668, 204 S.Ct 1355 (1984)
In responding to your inquiry we find it significant that the meetings are mandatory, and from the minimal information that we have that the administrator "wishes to have a brief prayer
service" that would consist of "a short inspirational message delivered by one of the hospitals pastors", we find it difficult to conclude that this is a proceeding motivated by a secular purpose rather than a religious concept, and there is no historical precedence for the service as there is with the opening of legislative sessions.
Additionally, having those employees who chose not to participate to leave the meeting, seems to places the burden upon them to remove themselves from a religious proceeding that should have no place in a mandatory meeting of a public entity as being in violation the First Amendment. This, of course, can be avoided by having the prayer service prior to the calling of the meeting and thereby avoiding any infringement on the rights of those who do not wish to participate. See, Goluba v. School Dist. of Ripon,45 F.3d 1035 (7th Cir, 1995) in which the court found no violation of a previously issued preliminary injunction when certain graduating high school seniors from a public school recited the Lord's Prayer while assembling themselves for the processional for graduation.
We cannot answer your question whether the giving of "an inspirational message" without reference to religion or any deity would be permissible inasmuch as the content of the message and the purpose of the reading would be determinative factors, especially if it would be delivered, as suggested, by one of the hospital pastors.
The primary question that would have to be resolved is whether the purpose of the opening exercise is religious or secular. As observed by the Court in Lee v. Weisman, supra, where they were asked to recognize the existence of a practice of "nonsectarian prayer", the court stated as follows:
 If common ground can be defined which permits once conflicting faiths to express the shared conviction that there is an ethic and a morality which transcend human invention, the sense of community and purpose sought by all decent societies might be advanced. But though the First Amendment does not allow the government to stifle prayer which aspire to these ends, neither does it permit the government to under take that task for itself.
Therefore, the question to be resolved is whether it can be said to be a "prayer" or similar religious communication that does not have a legitimate secular purpose, or does it serve only as a call to conscience and fulfillment of a proper secular aim.
Following this guideline the Supreme Court of New Jersey inMarsa v. Wernik, 430 A.2d 888, 86 N.J. 232 (1981) found the exercise for opening municipal council meetings did not purport to be part of a religious program, but to establish a solemn atmosphere and serious tone for the public meetings. The court noted that the defendants, as did the trial judge, maintained the "so-called invocation serves only as a call to conscience and fulfills a proper secular aim."
In the latter case the court observed that they had "not been called upon to ascertain the constitutional validity of any particular invocation or prayer, but to consider the municipal practice of opening exercises generally." They found that "this entails the constitutional assessment of a range of so-called invocations as well as an appreciation of the purpose, setting, history and circumstances surrounding these municipal exercises." In this regard we particularly note that your inquiry is in regard to having a "brief prayer service" by one of the pastors, and whether this is to serve only a secular aim is a question of fact which we cannot determine, but certainly appears to go beyond such a purpose.
You finally ask whether a similar "prayer service" could be conducted for benefit of the staff on a purely voluntary basis in a designated area of the hospital, such as a chapel.
With the understanding that this prayer service would not be any part of the mandated meeting, we can see nothing that would prohibit such a voluntary gathering before the commencement of the meeting. Such a meeting could not be attributed to any state action, but a voluntary assembly of those interested in attendance.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA H. RUTLEDGE
Assistant Attorney General
RPI/bbr